# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

## APPEAL NO. 22-1702 & 22-1703

**UNITED STATES,**
Appellee

**v.**

**CARLOS ENRIQUE LOPEZ-SOTO, a/k/a Chemito**
Defendant-Appellant.

---

## UNITED STATES' MOTION FOR SUMMARY DISMISSAL PURSUANT TO LOCAL RULE 27.0(c)

---

**TO THE HONORABLE COURT:**

Pursuant to Local Rule 27.0(c), the United States hereby moves for the summary disposition of this consolidated appeal. Appellant Carlos Enrique López-Soto ("López") seeks to challenge his career offender designation under the U.S. Sentencing Guidelines as well as the district court's reliance at sentencing on what he asserts are "material and erroneous facts." (AB 2). But the entry of the amended judgment in 2022 does not provide for challenges that could have been brought in his original appeal. As a result, this Court should summarily dismiss this consolidated appeal.

## RELEVANT FACTS

López appeared for sentencing in May 2017. (DE 509). While he proceeded pro se, he had two standby counsels with him. (AA 2). Using the 2016 edition of the U.S. Sentencing Guidelines, the district court determined that López was a career offender under § 4B1.2 of the guidelines. (AA 37-38). In so doing, the court rejected López's objection to the designation under *Johnson* v. *United States*, 576 U.S. 591 (2015). (AA8). It then sentenced López to 360-months' imprisonment as to Count One in CR 14-415, and to Counts One, Fourteen, and Fifteen in CR 14-637, to be served concurrently with each other, but consecutively to 84-months imprisonment as to Counts Two, Three, and Four in CR 14-415, and consecutively to 300 months as to Count Sixteen in CR 14-637, for a total of 744-months' imprisonment.[1] (DE 510).

López appealed, challenging his convictions and sentence. *United States v. López-Soto*, 960 F.3d 1 (1st Cir. 2020). (DE 512; DE 384, CR14-637). While the appeal was pending, the government submitted an informative

---

1. Unless otherwise indicated, "DE" refers to Docket Entry from District of Puerto Rico Criminal Case No. 14-415 (DRD). "AB" refers to Appellant's Brief, "AA" to Appellant's Appendix, "SA" to the Sealed Appendix," "Ad." to the Addendum, and "CR" refers to Criminal Case No.

motion to the Court that conceded the need for a limited remand to enter an amended judgment. (*See* Government's Informative Motion dated 2/11/2020, COA Nos. 17-1663, 17-1668, 17-1679 & 17-1680). It informed that by sentencing López to 360 months on Count One of CR14-415, and Counts One, Fourteen, and Fifteen of CR14-637, the district court exceeded the 240-month statutory maximum for those four counts. (*Id.* at 1). Relying on *United States v. Almonte-Nunez*, 771 F.3d 84 (1st Cir. 2014), the government therefore asked that, if López's conviction was affirmed and his sentence found substantively reasonable, the Court should "remand the case to the district court for the limited purpose of entering an amended Judgment of 240 months for [the four counts]." (*Id.*); *see, e.g., Almonte-Nunez*, 771 F.3d at 91–92 (ordering that, on remand, the district court enter a modified sentence equal to the statutory maximum for the count of conviction).

The Court affirmed the convictions and rejected López's sentencing disparity argument. *López-Soto*, 960 F.3d at 6–17. But agreeing with the government, the Court found that:

> As the government notes in its Informative Motion, the district court – in sentencing López-Soto to 360 months for Count One of Case No. 14-cr-415 and Counts One, Fourteen, and Fifteen of Case No. 14-cr-637 – exceeded the statutory maximum of 240 months for these offenses. See 18 U.S.C. §§1951(a) and 1963(a).

3

> We vacate the district court's sentence in this respect and remand for the district court to enter a sentence of 240 months for these counts to be served concurrently with each other. See United States v. Almonte-Nuñez, 771 F.3d 84, 92 (1st Cir. 2014).

*Id*. at 17. Based on the foregoing, the Court affirmed-in-part, vacated-in-part, and remanded the case. (*Id*.).

Afterwards, the government submitted a motion to the district court requesting the issuance of López's amended judgment in accordance with the Court's opinion. (DE 578). Later, López filed a motion requesting the status of his resentencing. (DE 581).

In late June 2022, López filed a *pro se* petition for writ of mandamus with this Court to order the district court to act on the Court's mandate and enter the amended Judgment. (*See* Mandamus Petition at 1). After addressing a series of additional motions by the parties, the district court complied with this Court's mandate by issuing an amended Judgment. (DE 617). The amended Judgment reflects that López is to be imprisoned for 240 months on Count One in CR14-415, and Counts One, Fourteen, and Fifteen in CR14-637, to be served concurrently with each other, but consecutively to the 84-months' imprisonment on Counts Two, Three, and Four in CR14-415, and the 300 months' imprisonment on Count Sixteen in CR14-637, for a total

of 624-months in prison. (*Id*.). Upon action from the district court, the government moved for summary disposition, and this Court granted the motion and denied López's mandamus petition. (DE 660).

López now appeals from the district court's amended judgment. But he challenges statements the district court made at the original sentencing hearing and the career offender determination made at that time. Those challenges are now barred.

## ARGUMENT

**López's appeal is barred by the law of the case doctrine.**

López's challenges are barred by the law of the case doctrine. *See United States v. Wallace*, 573 F.3d 82, 87–88 (1st Cir. 2009). Under that doctrine, a decision "made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge [it] at a subsequent date." *Id.* at 88. By barring parties from taking "serial bites at the appellate apple," the doctrine "avoid[s] the wastefulness, delay, and overall wheel-spinning that attend piecemeal consideration of matters." *United States v. Connell*, 6 F.3d 27, 30 (1st Cir. 1993). Because López had ample

opportunity to challenge his guidelines calculations and the district court's statements at sentencing in his prior appeal but did not do so, the doctrine bars him from raising those challenges now.

The law-of-the-case doctrine—specifically, the mandate rule—applies fully to López's sentencing challenges. *Wallace*, 573 F.3d at 88. In his first appeal, he could have challenged the district court's statements as well as his career offender designation. During his first appeal, López filed two sets of briefs: an opening and reply brief prepared by counsel and a pro se brief. *Lopez-Soto*, 960 F.3d at 6. As recognized by this Court, in presenting his sentencing challenge, "[h]e acknowledge[d] that 'the statutory and guidelines calculations appear to be correctly applied and accurate,' but primarily argue[d] that 'in the face of his codefendants' more extensive charged criminal acts,' the substantially higher sentence that he received is unreasonable." *Id.* at 16. Thus, instead of challenging his guideline calculations, he recognized that they were correct and abandoned any argument to the contrary. His calculations then became the law of the case. *See Wallace*, 573 F.3d at at 90; *Connell*, 6 F.3d at 30 (holding that an aspect of the defendant's sentence became law of the case when he "eschewed any challenge to [it]" in his prior appeal). The career offender designation and

statements he seeks to challenge now are the exact same he could have challenged in his prior appeal. Because he was not resentenced, nothing about them has changed. They are now the law of the case. *Connell*, 6 F.3d at 30.

The Court should not accept López's invitation to consider his belated sentencing challenges. López recognizes that he did not object to the allegedly erroneous statements made at his sentencing hearing. (AB 26). But he fails to identify an exception to the law of the case doctrine. In fact, he mistakenly represents that he received a "flagrantly harsh sentence of 744-months even when the prosecutor recommended a much lower guidelines sentence of 360 months of prison." (AB 26-27). López originally received statutorily required sentences of 84 months and 300 months, respectively, for the two firearms offenses, to be served consecutively with each other and to the remaining offenses and, a bottom-of-the range sentence his other offenses, which amounted to a sentencing range of 360 months to life imprisonment. (DE 510). The latter was reduced to the 240 cap, which in turn reduced the total to 624 months, as detailed in the amended judgment. (DE 617; Ad. 3). Thus, he does not meet the "heavy burden" of explaining why the doctrine does not bar his challenge, *Wallace*, 573 F.3d at 92. He suggests

no reason why its "narrowly configured and seldom invoked" exceptions, *Connell*, 6 F.3d at 31, might apply, waiving the argument. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

With respect to his career offender designation challenge, López's reliance on *Taylor*[2] and *Borden*[3] fails to carry the day. Both decisions impact the force clause. This notwithstanding, López relies on them to challenge his convictions for enumerated offenses. López's career offender status was based on having at least two prior crime of violence felony convictions. (AA 39). As he recognized, his Florida felony convictions for attempted robbery and aggravated assault with a deadly weapon stemmed from a single incident and were treated as a single sentence. (AB 12). And he also had a Florida felony conviction for aggravated battery on a separate date. (SA 22-23). His robbery and aggravated assault convictions are enumerated offenses and are unaffected by *Taylor* and *Borden*. *See* USSG § 4B1.2(a)(2) (listing robbery and aggravated assault), n.1 USSG § 4B1.2(a)(2) (stating that "crime of violence" offenses "include aiding and abetting, conspiring and

---

[2] *United States v. Taylor*, 596 U.S. 845 (2022).

[3] *Borden v. United States*, 593 U.S. 420 (2021).

attempting to commit such offenses"). López fails to explain how either *Taylor* or *Borden* impact the enumerated offense analysis and makes no argument that his offenses do not meet the generic crime. This results in waiver. *See Zannino*, 895 F.2d 1, 17. Even setting aside waiver, they do not. *See United States v. Lomax,* 51 F.4th 222, 229 (7th Cir. 2022) (holding that the Supreme Court' analysis in *Taylor* was not determinative of whether the appellant's attempted murder conviction constituted a crime of violence under the enumerated clause).

López's reliance on *Borden* to challenge his aggravated assault conviction suffers an additional flaw. (AB 16-18). But he cannot argue that a *Borden* argument was unavailable to him prior to his appeal because this Court had already held that reckless conduct is not sufficient to constitute a violent felony. *See United States v. Windley*, 864 F.3d 36, 37 n.2 (1st Cir. 2017) (adopting the reasoning of *Bennett v. United States*, 868 F.3d 1, *withdrawn and vacated as moot*, 870 F.3d 34 (1st Cir. 2017))); *see also United States v. Fish*, 758 F.3d 1, 16 (1st Cir. 2014). Thus, that the Supreme Court in 2021 agreed with this Court in *Borden* does not change that the argument that offenses with a mens rea of recklessness do not qualify as violent felonies was available to López long before he filed this appeal and thus had to be timely raised in the

district court proceedings, or, at a minimum, in his 2017 appeal. The Court should therefore decline to address López's recklessness claim, *see*, *e.g.*, *Logan v. Gelb*, 790 F.3d 65, 70 (1st Cir. 2015) *(per curiam)* ("Logan also failed to include this argument in his habeas petition; it is thus waived as well.").[4] With that aggravated assault conviction, any purported import from *Taylor* would be inapposite because both convictions were counted as a single sentence. *See* § 4B1.2(c).

For his second conviction, aggravated battery, tellingly, López does not rely on any intervening change in the law. In fact, he cites *Johnson v. United States*, 559 U.S. 133, 139-40 (2010) for support. (AB 20). And he cites no caselaw indicating that his offense of conviction is no longer a crime of violence. Indeed, the Eleventh Circuit has held that both means of

---

[4] If more were needed, López asserts that the Eleventh Circuit in *United States v. Golden*, 854 F.3d 1256 (11th Cir. 2017), "*held that* Florida aggravated assault offense cannot qualify as a violent felony under the elements clause because a conviction can be obtained where the defendant was reckless." (AB 17). But he relies on a concurring opinion of a per curiam decision. Importantly, it is not the holding: the panel was bound by an earlier panel decision holding that "a Florida conviction for aggravated assault, *see* Fla. Stat. § 784.021, constitutes a 'crime of violence.'" (citing *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1337-38 & n.6 (11th Cir. 2013). Moreover, the concurrence in *Golden* discussed aggravated assault under the force clause and it is an enumerated offense unaffected by *Borden*.

committing Florida's aggravated battery—(1) intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement; or (2) using a deadly weapon— "under section 784.045(1)(a) 'ha[ve] as an element the use, attempted use, or threatened use of physical force, indeed, *violent* force—that is, force capable of causing physical pain or injury to another person.'" *Lukaj v. United States AG*, 953 F.3d 1305, 1312 (11th Cir. 2020) (quoting *Turner*, 709 F.3d at 1341 (cleaned up)).

In sum, the district court did not resentence López, and he identifies no "new evidence," "controlling precedent," or "manifest injustice," *id.*, that might excuse his failure to raise his challenges earlier.

## CONCLUSION

For the above stated reasons, López's appeal should be summarily dismissed pursuant to First Circuit Local Rule 27.0(c).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of April 2025.

        W. Stephen Muldrow
        United States Attorney


        /s/ Mariana E. Bauzá-Almonte
        Assistant United States Attorney
        Chief, Appellate Division
        U.S. Attorney's Office
        Torre Chardón, Room 1201
        350 Carlos Chardón Avenue
        San Juan, Puerto Rico 00918
        Tel. (787) 766-5656
        Fax (787) 771-4050

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification to counsel for the appellant.

/s/ Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division
